# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: September 12, 2016)
No. 14-400V

| | | |
|---|---|---|
| * * * * * * * * * * * * | | UNPUBLISHED |
| JAMES ROWDEN, | * | |
| | * | Decision on Joint Stipulation; |
| | * | Diphtheria-Tetanus-acellular |
| Petitioner, | * | Pertussis ("DTaP") Vaccine; |
| | * | Hepatitis A Vaccine; Hepatitis B |
| v. | * | Vaccine; Influenza ("Flu") |
| | * | Vaccine; Menactra Vaccine; |
| SECRETARY OF HEALTH | * | Viral Polio Inactivated Vaccine; |
| AND HUMAN SERVICES, | * | Guillain-Barre Syndrome |
| | * | ("GBS"); Acute Inflammatory |
| Respondent. | * | Demyelinating Polyneuropathy |
| | * | ("AIDP") |
| * * * * * * * * * * * * | | |

*William E. Cochran, Jr., Black McLaren Jones Ryland & Griffee, Memphis, TN, for petitioner.*
*Linda Renzi, US Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On May 9, 2014, James Rowden ("Mr. Rowden," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed Guillain-Barre Syndrome ("GBS") and Acute Inflammatory Demyelinating Polyneuropathy ("AIDP") as a result of receiving Diphtheria-Tetanus-acellular Pertussis ("DTaP"), Menactra, polio, Hepatitis A, Hepatitis B, and influenza vaccinations on or about September 25, 2013. *See* Stipulation for Award ("Stipulation"), filed September 12, 2016, at ¶¶ 1-4. Respondent denies that DTaP, Menactra, polio, Hepatitis A, Hepatitis B, and influenza

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

vaccinations caused petitioner to suffer from GBS, AIDP, or any other alleged injury. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case. On September 12, 2016, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms. Respondent agrees to issue the following payment:

> **(1) A lump sum of $1,887,733.63 in the form of a check payable to petitioner, James Rowden; and**
>
> **(2) An amount sufficient to purchase the annuity contract described in paragraph 10 of the stipulation.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

>                     s/ Mindy Michaels Roth
>                        Mindy Michaels Roth
>                        Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JAMES ROWDEN,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES<br><br>        Respondent. | No. 14-400V<br>Special Master Mindy Michaels Roth |

## STIPULATION

The parties hereby stipulate to the following matters:

1. James Rowden, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received his DTaP, Menactra, Polio, Hepatitis A, Hepatitis B, and Influenza immunizations on or about September 25, 2013.

3. The vaccinations were administered within the United States.

4. Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") and Acute Inflammatory Demyelinating Polyneuropathy (AIDP) as a result of receiving the DTaP, Menactra, Polio, Hepatitis A, Hepatitis B, and Influenza vaccines.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that the DTaP, Menactra, Polio, Hepatitis A, Hepatitis B, and Influenza vaccines caused petitioner to suffer from GBS, AIDP, or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $1,887,733.63, which amount represents compensation for first year life care expenses ($93,320.63), lost earnings ($1,559,413.00), and pain and suffering ($235,000.00), in the form of a check payable to petitioner; and
>
> b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
>
> b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
>
> c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
>
> d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, James Rowden, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner as follows:

a. For future unreimbursable Gym Membership, Benefiber, Jock Itch Powder, Spray Lotrimin, and Aquafor expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,211.64 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

b. For future unreimbursable Scooter, Scooter Lift, Portable Ramp, and Memory Foam Mattress expenses, on the anniversary of the date of judgment in year 2022, a lump sum of $929.00. Then, on the anniversary of the date of judgment in year 2026, a lump sum of $2,454.00. Then, on the anniversary of the date of judgment in year 2028, a lump sum of $929.00. Then, on the anniversary of the date of judgment in year 2034, a lump sum of $929.00. Then, on the anniversary of the date of judgment in year 2035, a lump sum of $154.83. Then, on the anniversary of the date of judgment in year 2036, a lump sum of $2,608.83. Thereafter, beginning on the anniversary of the date of judgment in year 2037, an annual amount of $400.23 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

c. For future unreimbursable Soft Sole Orthotic Shoe Insert and Wipe expenses, beginning on the first anniversary of the date of judgment, an annual amount of $129.35 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

d. For future unreimbursable Medical Alert System, beginning on the first anniversary of the date of judgment, an annual amount of $419.88 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

e. For future unreimbursable Ancillary Service expenses, beginning on the first anniversary of the date of judgment, an annual amount of $2,380.00 to be paid up to the anniversary of the date of judgment in year 2054, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

f. For future unreimbursable Service Dog Allowance expenses, beginning on the first anniversary of the date of judgment, an annual amount of $767.76 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

  g. For future unreimbursable Attendant Care expenses, beginning on the first anniversary of the date of judgment, an annual amount of $56,940.00 to be paid up to the anniversary of the date of judgment in year 2041. Then, beginning on the anniversary of the date of judgment in year 2041, an annual amount of $71,175.00 to be paid up to the anniversary of the date of judgment in year 2059. Thereafter, beginning on the anniversary of the date of judgment in year 2059, an annual amount of $85,410.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, James Rowden, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of James Rowden's death.

  11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

  12. As soon as practicable after the entry of judgment on entitlement in this case, and

after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely

brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the DTaP, Menactra, Polio, Hepatitis A, Hepatitis B, and Influenza vaccines administered on or about September 25, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about May 8, 2014, in the United States Court of Federal Claims as petition No. 14-400V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the DTaP, Menactra, Polio, Hepatitis A, Hepatitis B, and Influenza vaccines caused petitioner's GBS, AIDP, or any other injury or his current condition.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/

/

/

/

/

/

/

Respectfully submitted,

PETITIONER:

*[signature]*
JAMES ROWDEN

ATTORNEY OF RECORD FOR
PETITIONER:

*[signature]*
WILLIAM E. COCHRAN, ESQ.
Black McLaren Jones Ryland & Griffee
530 Oak Court Drive, Suite 360
Memphis, TN 38117
Tel: (901) 762-0535

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*[signature]*
CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*[signature]*
NARAYAN NAIR, M.D.
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

*[signature]*
LINDA S. RENZI
Senior Trial Counsel
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4133

Dated: September 12, 2016